# WESTERN TRANSPORTATION CO. v. MARSHALL.

## December, 1867.

### Affirming 37 Barb. 509.

A seller of goods for cash on delivery, who delivers without payment, can not recover possession from the master and owners of a vessel on which they have been shipped, after the master, in the usual course of business, and without notice, has given a negotiable bill of lading therefor to the fraudulent buyer.

Third persons making advances to the fraudulent buyer, in good faith and without notice, on the credit of such bill of lading, are also protected.*

The rule that one purchasing in good faith from a fraudulent vendor acquires a good title, is applicable to such cases.

The Western Transportation Company brought this action against Charles H. Marshall and others, in the supreme court, to recover the possession of a quantity of wheat, shipped by plaintiffs from Buffalo to New York, upon a canal-boat. The agents of the plaintiffs in the latter city agreed to sell the wheat for cash on delivery, to Meyer & Rce, who were engaged

---

* Compare Wait v. Green, 36 N.Y. 556 ; aff'g 35 Barb. 585 ; 62 Id. 241 ; Ballard v. Burgett, 40 N. Y. 314; aff'g 47 Barb. 646 ; City Bank v. Rome, &c. R. R. Co., 44 N.Y. 136 ; Austin v. Dye, 46 Id. 136; McNeil v. Tenth National Bank, 46 N. Y. 325 ; modifying 55 Barb. 59 ; Rawls v. Deshler, in this volume, 40 Id. 319.

in purchasing wheat, and shipping it to England. The latter agreed with the owners of the Great Western to ship the wheat to England on that vessel. At the request of Meyer & Ree, the wheat was measured in the usual way, and placed on board the vessel in the name of the agents of the plaintiffs. It was proved that the measurer was selected, and made the measurement according to the usual course of business between vendor and purchaser, made duplicate bills of the measurement, and delivered them to the agents, agreeably to the usual custom in that business ; that the agents made out a bill of the amount of the price of the wheat, including the purchaser's proportion of the expense of measurement, &c., and delivered the same attached to the return of the measurer, intended for the purchaser, to Meyer & Ree; that the latter upon this return of the measurer, procured from the captain of the vessel a bill of lading of the wheat in the usual form, and upon this bill procured an advance from some of the other defendants, without having paid anything on account of the purchase of the wheat. Shortly after, the plaintiffs' agents sent to Meyer & Ree for the money for the wheat. The latter, after a day or two, gave the agents their check for the price of the wheat, which the agents deposited in a bank, and the next day the check was refused payment and returned to Meyer & Ree. It was proved that Meyer & Ree were in good credit at the time of the agreement to purchase the wheat, but suspended payment shortly after, in consequence of advice of non-payment of their drafts in England. It was proved that none of the respondents had any knowledge that the wheat was not paid for, or that the plaintiffs claimed any interest therein. It was proved that the universal custom of masters was to give bills of lading for grain delivered on board to a person producing the measurer's return intended for the purchaser; that this return was an exact duplicate of the one retained by the vendor, except that it called for payment of one-half of the charges only, and that the custom was known to all engaged in the grain trade. It was proved that plaintiffs' agents had been for some time engaged in this trade. Upon the return of the check to Meyer & Ree unpaid, the plaintiffs demanded the wheat of the master, and, upon his refusal to deliver the same, commenced the

action. At the close of the proof, the respondents, who are the master and owner of the vessel, and the parties who made the advances to Meyer & Ree upon the bill of lading, moved for a dismissal of the complaint as to them, which was granted, and plaintiff excepted.

The judgment was affirmed by the general term. 37 *Barb.* 509. Plaintiff appealed.

*John Hubbell,* for plaintiffs, appellants.

*Wm. Allen Butler,* for the respondents.

GROVER, J.—There was no conflict in the evidence so far as these respondents were concerned. The plaintiffs' agents agreed to sell the wheat to Meyer & Ree for cash on delivery, and had the same, at the request of the latter, measured and placed on board the vessel in their names, receiving from the measurer two bills of the measurement, one designed to be retained by the vendor, and the other for delivery to the purchasers. They delivered the latter, together with a bill of the price of the wheat, to Meyer & Ree. The proof showed that the universal custom in trade was for masters of vessels to deliver bills of lading of grain on board, to the one producing this measurement prepared for the purchaser. This custom the agents are presumed to have known. By its delivery to Meyer & Ree, the agents authorized the master to deliver to them a bill of lading of the wheat just so effectually as though such authority had been expressly given by them. When the master had, by the authority of the agents, delivered a bill of lading to Meyer & Ree, he was not bound to deliver the wheat to the plaintiffs, without being discharged from the liability created by the bill. This was not done ; nor was any indemnity offered by the plaintiffs against such liability. The complaint was, therefore, properly dismissed as against the master and owners of the vessel. It is equally clear that the bill of lading having been delivered to Meyer & Ree by authority from the plaintiffs, those who dealt in good faith with them, as owners of the wheat, will be protected in such dealings. Consequently, the complaint was rightly dismissed as to Morgan and others, who made advances to Meyer & Ree, on the

credit of the bill of lading, and to whom the bill was transferred as security for such advances.

It was not material to the rights of the respondents whether Meyer and Ree acted in the premises with a fraudulent intent or not. One purchasing in good faith from a fraudulent vendor acquires a good title. Mowrey v. Walsh, 8 *Cow.* 238 ; Root v. French, 13 *Wend.* 570. The principle of these cases is applicable to the present case. Hence, the admission of the evidence that it was customary for purchasers of grain in the city of New York to raise money upon bills of lading thereof, to pay for the same, was wholly immaterial, and worked no prejudice to the plaintiffs in respect to these respondents.

The exception thereto is, therefore, not available upon this appeal.

The judgment appealed from should be affirmed.

All the judges concurred, except FULLERTON, J., who did not vote, and BOCKES, J., who was absent.

Judgment affirmed, with costs.